UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM LUCAS MCVEIGH,

                Plaintiff,

   v.

INCOME PROPERTIES ONE, LLC, et al.,

                Defendant.

CASE NO. 3:24-CV-5320-TMC

REPORT AND RECOMMENDATION

Noting Date: May 17, 2024

       The District Court has referred Plaintiff William Lucas McVeigh's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 26, 2024, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1.

       In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the Court lacks subject matter jurisdiction over the claims. Therefore, the Court recommends this case be dismissed and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

1 **Review of the Proposed Amended Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Plaintiff alleges Pierce County, Washington sold his property to a "foreign entity," Income Properties One, LLC, a Wyoming company. Dkt. 1-1 at 5. He states compensation was not provided to him for the taking of his ownership rights. *Id*. Plaintiff also alleges that Dimension Law Group, PLLC, filed a lawsuit in Pierce County for quiet title on behalf of Income Properties One, LLC. *Id*. He asserts Income Properties One, LLC did not register to do business in Washington until March 29, 2024. *Id*. The proposed complaint names Income Properties One, LLC, Andrew Pierce, and Dimension Law Group, PLLC as defendants. Dkt. 1-1.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

Here, Plaintiff asserts this Court has jurisdiction over this case through diversity jurisdiction. Dkt. 1-1. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, . . .and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Plaintiff resides in Washington State. Dkt. 1-1. He alleges Defendant Income One Properties, LLC is a citizen of Wyoming and Defendant Dimension Law Group, PLLC, is a citizen of Washington State. *Id*. Plaintiff does not allege information showing Andrew Pierce's citizenship. *See id*.

For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Absent unusual circumstances, a party seeking to invoke diversity

REPORT AND RECOMMENDATION - 3

jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Rather than alleging the identity and citizenship of every individual member of the LLC and PLLC named in the proposed complaint, Plaintiff's proposed complaint has improperly alleged an LLC's principal place of business creates diversity. *See* Dkt. 1-1. Plaintiff has failed to allege information sufficient the citizenship of each member Income Properties One, LLC or Dimension Law Group, PLLC. *See id*. He has also failed to show Defendant Andrew Pierce's citizenship.

Based on the information, or lack thereof, in the proposed complaint, the Court cannot ascertain whether complete diversity exists. As such, Plaintiff has failed to establish complete diversity. Further, it is unlikely Plaintiff can establish complete diversity because Defendant Dimension Law Group, PLLC's principal office is in the State of Washington, it is registered in Washington, and the attorneys in Dimension Law Group, PLLC practice law in the State of Washington. Thus, the Court surmises that at least one owner/member is a citizen of Washington. Therefore, complete diversity likely does not exist in this case.

**Conclusion.** As Plaintiff has not shown complete diversity, there is no original jurisdiction through diversity and this Court lacks jurisdiction to hear this case. Based on the allegations contained in the proposed complaint, the Court finds Plaintiff cannot cure the deficiencies of his proposed complaint. As such, the Court finds Plaintiff should not be afforded leave to amend the proposed complaint. Accordingly, the Court recommends this case be dismissed and Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 17, 2024, as noted in the caption.

        Dated this 2nd day of April, 2024.

David W. Christel
United States Magistrate Judge